http://www.va.gov/vetapp16/Files3/1621738.txt

Citation Nr: 1621738 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 13-11 338 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma

THE ISSUES

1. Entitlement to service connection for asthma.

2. Entitlement to individual unemployability (TDIU).

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESSES AT HEARING ON APPEAL

Veteran and Spouse

ATTORNEY FOR THE BOARD

L. Durham, Counsel

INTRODUCTION

The Veteran served on active duty from March 13, 1989, to July 28, 1989, and from January 15, 1991, to June 20, 1991. The Veteran also had service in the Army Reserve. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from January 2012 and March 2012 rating decisions.
 
The Veteran testified at a video conference hearing before the undersigned Veterans Law Judge (VLJ) at the Muskogee, Oklahoma, RO in November 2013. A transcript of this hearing has been associated with the claims file. 

These issues were remanded by the Board in November 2014 for further development.

In an April 2013 rating decision, the RO granted service connection and assigned a 10 percent evaluation for a left knee disability. In a March 2014 rating decision, the RO continued this 10 percent evaluation. Subsequently, in March 2014, the Veteran submitted a notice of disagreement (NOD) with the March 2014 rating decision. In June 2014, the Veteran was issued a statement of the case (SOC) addressing this issue and indicating the March 2014 rating decision as the decision on appeal. In the September 2014 Appellant's Brief, the representative asked that the Board accept the brief as a substantive appeal. At the time of the prior Board decision/remand in November 2014, it was noted that the SOC was not part of the Veteran's claims file, and the issue was referred to the AOJ. It appears the SOC has since been scanned into the electronic record. While the September 2014 Appellant's Brief can be construed at a timely substantive appeal with regard to the March 2014 rating decision, the RO has not yet acknowledged that this issue has been appealed to the Board, indicated that all development has been undertaken with regard to this claim, or certified the issue to the Board. Therefore, the Board does not have jurisdiction over this issue, and it is referred to the Agency of Original Jurisdiction (AOJ) for appropriate action. 38 C.F.R. § 19.9(b) (2015). The Board notes that this claim will be the subject of a subsequent Board decision, if otherwise in order, after the AOJ has finished taking all action.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2015).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

Additional development is necessary prior to the adjudication of the claims. 

The Veteran asserted at the November 2013 hearing that he had asthma that preexisted service and that his asthma was aggravated beyond a normal progression while in service. He asserted that he had more frequent asthma attacks while he was in basic training. 

In a January 1989 Report of Medical History for enlistment in the Army Reserve, the Veteran reported having hay fever. Medical records from March 17, 1989, and March 20, 1989, reflect complaints of exercise-induced shortness of breath and note the Veteran's reports of a history of asthma as a child. In his June 1991 Report of Medical History, the Veteran reported hay fever and shortness of breath but denied having asthma.

In light of the Veteran's assertions that he had asthma prior to his military service, and the March 1989 medical records reflecting that he reported a history of asthma as a child, the Board finds that the Veteran's asthma pre-existed his 1989 and 1991 periods of active duty service.

In consideration of the Veteran's assertions regarding an increase in symptoms in service, his in-service reports of shortness of breath, and his current diagnosis of asthma, the Board remanded this issue in November 2014 in order to schedule the Veteran for a VA examination and to obtain an etiology opinion. Specifically, the Board requested that the examiner provide an opinion as to whether it is clear and unmistakable (obvious, manifest, and undebatable) that pre-existing asthma WAS NOT aggravated (i.e., permanently worsened) during active service (January to June 1991) or whether it is clear and unmistakable (obvious, manifest, and undebatable) that any increase during that period of service was due to the natural progress of the disease.

The Veteran underwent a VA examination in July 2015, at which he was diagnosed with asthma. In September 2015, an addendum opinion was provided responding to the question of whether the Veteran's asthma was aggravated beyond its natural progression by or during service. The examiner responded that, no, the Veteran's medical records did not show ongoing exacerbation of asthma during military service. A March 1999 medical record noted that the Veteran had not been seen since June 1997. When questioned about asthma, the Veteran reported "not bothered much now." An October 2003 private medical record noted a history of severe pulmonary restrictive disease. A February 1999 private medical record documented a diagnosis of seasonal hay fever and a history of severe restrictive pulmonary disease. The examiner concluded that medical record did not support aggravation of asthma related to military service. 

The Board finds this opinion is inadequate. First, the question posed to the examiner by the RO did not ask that she provide opinions using the term "clear and unmistakable", as specifically directed in the November 2014 remand. Second, in her response, the examiner discussed medical evidence dated several years after the Veteran's January to June 1991 service, as opposed to focusing on whether aggravation occurred during or closely following the Veteran's active duty service. As such, this issue must regrettably be remanded once again in order to obtain an addendum opinion. 

The Veteran's claim for entitlement to TDIU is intertwined with the other issue being remanded, so the Board will defer a decision at this time. 

Finally, any and all VA treatment records that have not yet been associated with the claims file should be obtained. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all available VA treatment records from the Muskogee VA Medical Center (VAMC) (and associated clinics) from June 19, 2015, to the present, and from the Oklahoma City VAMC (and associated clinics) from August 12, 2014, to the present.

2. Return the claims file to the VA examiner who provided the September 2015 VA opinion so that an addendum opinion may be obtained. If the same examiner is not available, an opinion should be provided by a similarly qualified VA examiner. The examiner should provide an opinion as to:

a. Whether it is clear and unmistakable (obvious, manifest, and undebatable) that pre-existing asthma WAS NOT aggravated (i.e., permanently worsened) during active service (March 1989 to July 1982; January to June 1991); or 

b. Whether it is clear and unmistakable (obvious, manifest, and undebatable) that any increase during active service (March 1989 to July 1982; January to June 1991) was due to the natural progress of the disease. 

The examiner should provide a complete rationale for any opinions provided. If additional examination is needed to render the above-requested opinions, such should be provided.

3. Then, readjudicate the Veteran's asthma and TDIU claims. In particular, review all the evidence that was submitted since the most recent supplemental statement of the case (SSOC). In the event that both claims are not resolved to the satisfaction of the Veteran, he should be provided a SSOC. After the Veteran and his representative have been given the applicable time to submit additional argument, the claims should be returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

No further action is required of the Veteran until further notice. However, the Board takes this opportunity to advise the Veteran that the conduct of the efforts as directed in this remand, as well as any other development deemed necessary, is needed for a comprehensive and correct adjudication of his claims. His cooperation in VA's efforts to develop his claims, including reporting for any scheduled VA examination, is both critical and appreciated. The Veteran is also advised that failure to report for any scheduled examination may result in the denial of a claim. See 38 C.F.R. § 3.655 (2015).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).